## Mary S. Caldwell, Ex'x, etc., v. The First National Bank et al.

1. PRACTICE—*Supplemental Bill After a Decree Must Not Seek to Vary the Principles of the Decree.*—A supplemental bill after a decree must not seek to vary the principles of the decree but taking that as the basis, it should seek merely to supply any omissions that there may be in it or in the proceedings which lead to it so as to enable the court to give full effect to its decision.

2. SAME—*Filing of Supplemental Bill, a Matter of Discretion.*—The filing of a supplemental bill is largely a matter of discretion with the court.

**Bill in Chancery.**—Error to the Circuit Court of Henderson County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed June 8, 1900.

KIRKPATRICK & ALEXANDER, attorneys for plaintiff in error.

Bassett & Bassett, attorneys for defendants in error; Grier & Stewart, of counsel.

Mr. Presiding Justice Higbee delivered the opinion of the court.

Cornelius D. Elting died in Henderson county, Illinois, on March 29, 1885, leaving about $10,000 in personal property and 820 acres of land in this State and also a section of land in Iowa. He devised all of his property, after the payment of debts, to his sister, Blandina M. Elting, of New York, and named her and William L. Cuddeback as executors of his will. The latter refused to accept the trust but the former came from her home in New York, and letters were issued to her out of the Probate Court of Henderson County, on April 29, 1885, she filing her bond as executrix in the sum of $2,000, with William Caldwell, George H. Lathrop and Lemuel Waggy as sureties. The estate of deceased was considerably involved, and on December 28, 1892, the First National Bank of Biggsville and ten other creditors of the estate filed a bill in chancery in the Circuit Court of that county against the executrix, the sureties on her bond, Mary S. Caldwell and others, charging said executrix with gross mismanagement, waste, and combination with others to defraud the estate by the allowance of unjust claims, making false reports, etc. The bill prayed that the Circuit Court might take jurisdiction of the settlement of the estate, that an accounting be taken, a receiver appointed, the estate protected and the rights of all parties properly adjusted in the chancery suit. The bill further prayed, as amended on June 4, 1894, " that a decree be entered against William Caldwell, Lemuel Waggy and George H. Lathrop, to pay the amount of the bond as above mentioned for the benefit of your orators and other creditors of the estate of Cornelius D. Elting, deceased." This bill was answered by the executrix, William Caldwell, Mary S. Caldwell and some other defendants, admitting the death of deceased, appointment and qualification of Blandina M. Elting as executrix, and the giving of the bond with sureties as stated, but denying all charges

of mismanagement of the estate or wrong doing by the executrix. The answer denied " that William Caldwell, Lemuel Waggy and George H. Lathrop are in any manner indebted to said estate or should be decreed to pay any amount to or for the benefit thereof." Upon a hearing the court found for complainants, finding that the bond was given with the sureties and in the amount stated, by the executrix, and that she executed a mortgage to said sureties on certain real estate to protect them; that the executrix had wasted and mismanaged the estate in many ways; that she had made false reports, allowed false claims, and combined with others to defraud the estate; that part of the personal property was used and part sold by the executrix and not accounted for by her; that she should be charged with $1,800 in the hands of Robert Moir not collected; that the sum of $1,100 paid to him was an improper credit, and that said executrix was greatly indebted to said estate. The court ordered the appointment of a receiver and referred the cause to the master in chancery to take and state an account in accordance with the decree. From this decree a writ of error was prosecuted by the executrix and other defendants to the Appellate Court and from there to the Supreme Court, and in each instance the decision of the lower court was affirmed. The case is fully stated and opinions published in Vol. 68 Ill. App. 204 and 173 Ill. 368. In the meantime, while the case was pending in the upper court, the master in chancery to whom the case was referred by the decree appealed from, proceeded to take the proofs and state the account of the amount due from the executrix as directed by the decree. By his report the master found the executrix indebted to the estate in the sum of $4,562.58, on account of the personal assets received by her and in the total sum of $17,219.41 for moneys of the estate received by her from all sources, including the sale of real estate. After the decision in the Supreme Court, on October 27, 1898, the complainants in the original bill and several other creditors of the estate, leave being granted them, filed a supplemental bill in the original suit setting forth the proceedings un-

der the original bill, suggesting the death of Blandina M.
Elting and William Caldwell, the appointment and qualifi-
cation of Mary S. Caldwell as executrix of the will of the
latter, and making her as such executrix a defendant, in
addition to the parties in the original bill; and praying that
a decree be entered against said defendants for the same
relief as in the original bill prayed for.

Mary S. Caldwell in her own right appeared and filed a
demurrer to said bill which seems never to have been dis-
posed of by the court.   Thereafter at the same time she filed
an answer to the bill, as executrix of the will of William
Caldwell, deceased, in which she set up as defense, that all
matters had been adjudicated in the former decree; that
the liability of the sureties was alleged in the original bill
and denied in the answer thereto, and the decree failed to
find that said sureties were liable and that the court was
thereby estopped from making any finding in regard thereto.
At the hearing upon the supplemental bill, the answer and
replication thereto, the court found for the complainant,
and that Blandina M. Elting had given a bond as executrix
of the estate to Cornelius D. Elting in the sum of $2,000,
with William Caldwell, George H. Lathrop and Lemuel
Waggy as sureties; that she had made default in her duties
as such executrix and had wrongfully used the assets of
said estate for her own private use, and used and held the
assets thereof largely in excess of the penalty of the bond;
that she and William Caldwell had died and Mary S. Cald-
well had been appointed executrix of the will of the latter.
It was decreed that Mary S. Caldwell as such executrix pay
to the receiver appointed in the original decree, the sum of
$2,000, in due course of administration; that Lemuel Waggy
pay a like sum to said receiver and that the payment of
such sum by either party should satisfy the judgment as to
both.   To reverse this decree a writ of error was sued out
of this court and as cause of error it is urged (1) that the
court erred in allowing the supplemental bill to be filed;
(2) that the court erred in rendering a decree without dis-
posing of the demurrer of Mary S. Caldwell; (3) that the

allegations in the supplemental bill, proof and decree do not correspond; (4) that complainants were estopped by reason of the former decree, which they allege rendered the matters and things in controversy here *res adjudicata.*

First. A supplemental bill is in fact but an amendment by which new matter which has transpired since the filing of the original bill is brought into the case and it forms a part of and is tried with the original case. Mix v. Beach, 46 Ill. 311. The fact that a decree had been entered in the cause before the filing of the supplemental bill is not important, provided the latter does not seek to vary the principles of the decree.

" A supplemental bill after a decree must not seek to vary the principles of the decree, but taking that as the basis, it should seek merely to supply any omissions there may be in it or in the proceedings which led to it so as to enable the court to give full effect to its decision." 2 Barbour's Chancery Practice, 391, n. 7; O'Hara v. Shephard, 3 Md. Ch. Dec. 306.

In the supplemental bill in question here, certain parties who had acquired an interest since the filing of the original bill were made parties complainant, the deaths of Blandina M. Elting and William Caldwell were suggested and Mary S. Caldwell, executrix of the will of the latter, was made a party defendant. No new relief was sought but the prayer of the bill was that a decree might be entered against the defendants therein " for such relief as in the original bill prayed." The original bill asked that a decree be entered against William Caldwell, Lemuel Waggy and George H. Lathrop, the sureties on the bond of Blandina M. Elting to pay the amount of the same for the benefit of complainants and the other creditors of the estate of Cornelius D. Elting, deceased, and the supplemental bill asked for no further or other relief against them.

The filing of the bill was largely a matter of discretion with the court. Beach's Modern Eq., Vol. 1, Sec. 503; Turner v. Berry, 3 Gil. 541.

But even if it were not so, there was sufficient new matter alleged in this supplemental bill to justify the court in

permitting it to be filed. After the original decree had been affirmed by the Supreme Court, there yet remained certain things to be done, by reason of the reference to the master in chancery, before a final disposition of the case could be had, and to facilitate such disposition of the case it was necessary to make the new parties to the suit suggested by the supplemental bill.

Second. It is true there was a demurrer filed by Mary S. Caldwell personally to the supplemental bill, which was not disposed of, but she afterward filed an answer to the same as executrix, and she only appears in the supplemental decree in that capacity. No finding or order was contained in the supplemental decree against Mary S. Caldwell personally, and she can not now be heard to object to the one entered against her as executrix upon the ground that the demurrer filed by her as an individual was undisposed of by the court.

Third. The objection that the allegations in the supplemental bill and the proof and decree thereon do not correspond, is not well taken. The supplemental bill, in addition to making the new parties, sets forth substantially all that was in the original bill and the findings and decree of the court thereon and asks for the same relief sought by the original bill. The decree entered in pursuance thereof was fully supported by the proofs in the case taken before and after the entering of the first decree.

Fourth. Appellant contends that defendants in error are estopped from obtaining the relief prayed for by the supplemental bill by reason of the proceedings had upon the original bill, and the amendments thereto, which they insist are *res adjudicata* of the matters and things set forth in the former. The original decree, however, did not fully dispose of the case, as it provided for certain other proceedings to be had before the full extent of the liability of Blandina M. Elting as executrix could be ascertained. It is true that Blandina was required by the decree to pay over to the receiver $3,812.39, shown by her reports to be in her hands, but it did not appear what part of this

amount was derived from the sale of personal assets of the estate and what from the real estate. It did appear, however, that she was indebted to the estate, from various causes, in a large amount, and the case was referred to the master in chancery of the court to state the amount, which he afterward did, while this cause was in the Appellate and Supreme Courts.

The original bill asked for a decree against the sureties on the bond of Blandina for the amount of the same, but it was impossible for the court to enter the decree against them until the amount of their liability was definitely fixed. This amount was not finally ascertained until the master made his report, long after the original decree was entered. The amount having been then fixed, it was proper for the court, in the supplemental decree, to adjudge the amount against defendants, which was due from them by the terms of the bond.

For the above reasons we are of opinion there was no error in the record, and the decree of the court below is accordingly affirmed.