D'LAST CORPORATION, f/k/a D'Last Studio Photography, Inc., Plaintiff-Appellant, v. AVERY A. UGENT *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—96—0016

Opinion filed April 30, 1997.

Rodney F. Reeves, of Chicago, for appellant.

Robert A. Filpi, of Stack & Filpi, Chartered, of Chicago, for appellees.

JUSTICE GORDON delivered the opinion of the court:
D'Last Corporation (D'Last), the plaintiff, appeals from the dis-

missal of its complaint pursuant to section 13—217 of the Illinois Code of Civil Procedure (735 ILCS 5/13—217 (West 1994)), which permits a single refiling of an action.

The facts relevant to disposition of this case show that the plaintiff first filed a complaint for injunctive and other relief on January 15, 1992, in the chancery division of the circuit court of Cook County. In that action, the plaintiff alleged tortious conduct by the defendants against plaintiff's passport photography business that commenced in July 1991 and continued through the date of the complaint. Count I sought temporary and permanent injunctions based upon defendants' interference with plaintiff's business, and counts II and III sought compensatory and punitive damages based upon defendants' slander of plaintiff's business and intentional interference with plaintiff's contractual relationships. On September 2, 1992, plaintiff filed an amended complaint changing the named defendants and adding claims for trespass, public and private nuisance, unfair competition, deceptive trade practices, and conspiracy.[1] On March 4, 1993, after plaintiff's request for injunctive relief was mooted by the cessation of wrongful conduct by the defendants, the chancery court transferred plaintiff's case to the law division for litigation of plaintiff's tort and statutory claims. On January 31, 1994, plaintiff's amended complaint was dismissed for want of prosecution; but, pursuant to plaintiff's motion to vacate that dismissal, the cause was voluntarily dismissed by the plaintiff on March 10, 1994.

On February 18, 1994, D'Last filed a complaint in the United States District Court for the Northern District of Illinois. That complaint, filed against many of the defendants named in the earlier action,[2] alleged acts of harassment and tortious and criminal conduct, including solicitation to murder and extortion, during the period of July 1991 through November 1992 and pled theories of trade slander,

---

[1]The original complaint named as defendants the Bradley Adams Corporation, d/b/a U.S. Passport Photo Service, and Discount Stereo, Inc., d/b/a Discount Stereo and Photos. The amended complaint renamed the Bradley Adams Corporation, d/b/a U.S. Passport Photo Service, and added as defendants American-International Immigration Agency, Inc.; American Photographic Supply Corporation; Avery A. Ugent; Eugene A. Dickerson; and George Ramos. It excluded as a named defendant Discount Stereo, Inc.

[2]Like the earlier state action, the federal complaint named as defendants Avery A. Ugent; the Bradley Adam Corporation; American International Immigration Agency, Inc.; and Pan American Photographic Supply Corporation. It also named as additional defendants Avalug-Concordia Corporation and AAIP, Inc. It excluded as defendants Eugene A. Dickerson and George Ramos.

intentional interference with contract and prospective contract, consumer fraud, antitrust violations (see 15 U.S.C. § 1 *et seq.* (1994) (Sherman Antitrust Act)) and RICO violations (see 18 U.S.C. § 1961 *et seq.* (1994) (Racketeer Influenced and Corrupt Organizations Act)). On September 19, 1994, the federal court dismissed the RICO and antitrust counts for failure to state claims upon which relief could be granted and, refusing to exercise supplemental jurisdiction, dismissed the state law counts without prejudice (see 28 U.S.C. § 1367 (1994)). The plaintiff appealed the dismissal of the RICO count. That dismissal was affirmed by the Seventh Circuit Court of Appeals on April 5, 1995.

On March 8, 1995, D'Last filed the action that is the subject of the instant appeal. The defendants named in that action were named as defendants in the earlier state and federal actions. The complaint alleged various acts of wrongdoing by the defendants and their employees during the period of August 1991 through November 1992. It sounded in nuisance (counts I, II, III); trade slander and libel (counts IV, V, VI); consumer fraud and deceptive trade practices (counts VII, VIII); and tortious interference with contract and potential contract (counts IX, X, XI, XII). On April 17, 1995, the defendants moved to dismiss the complaint on the grounds that it was barred by section 13—217 of the Code of Civil Procedure (the Code) (735 ILCS 5/13—217 (West 1994)); and the trial court dismissed the complaint with respect to "all causes of action which were raised or could have been raised in the 1992 cause of action between the parties." On July 24, 1995, D'Last filed an amended 24-count complaint repleading the 12 counts previously dismissed. In those counts, however, D'Last limited the alleged wrongful conduct of the defendants to acts that occurred during the period of August 1991 to September 2, 1992. The latter 12 counts, which set forth identical theories of recovery, were premised upon defendants' wrongful conduct that allegedly occurred during the period of September 2, 1992, to November 1992. On November 29, 1995, that amended complaint was dismissed without leave to amend pursuant to section 13—217 of the Code.

■ Section 13—217 of the Code of Civil Procedure provides in pertinent part:

> "In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if *** the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for

bringing such action expires during the pendency of such action, the plaintiff \*\*\* may commence a new action within one year or within the remaining period of limitation, whichever is greater, after \*\*\* the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by the United States District Court for improper venue." 735 ILCS 5/13—217 (West 1994).

Based upon this provision, the trial court dismissed plaintiff's second state court complaint, finding that it was an impermissible second refiling. See *Flesner v. Youngs Development Co.*, 145 Ill. 2d 252, 582 N.E.2d 720 (1991) (stating that section 13—217 permits one refiling).

The plaintiff argues on appeal that its second state court complaint was not a second refiling. In support of this argument, the plaintiff contends that the federal action was not the single permissible refiling because that action was not dismissed on one of the bases enumerated in section 13—217. See *Fanaro v. First National Bank*, 160 Ill. App. 3d 1030, 513 N.E.2d 1041 (1987). The plaintiff also argues that the federal complaint was not a refiling of the earlier state action because it contained federal claims not previously raised in the state action. Finally, the plaintiff argues that, even if the second state court complaint was a second refiling, it was so only with respect to counts I through XII. The plaintiff argues that counts XIII through XXIV raise new causes of action and, as such, do not constitute a refiling of the earlier state complaint. For the reasons discussed below, we reject plaintiff's arguments and affirm the dismissal of plaintiff's amended complaint in its entirety.

Plaintiff's first contention, that the federal complaint was not the single refiling permitted by section 13—217, finds support in the case of *Fanaro v. First National Bank*, 160 Ill. App. 3d 1030, 513 N.E.2d 1041 (1987). In *Fanaro*, the plaintiff filed an action in the state court that was dismissed for want of prosecution. The plaintiff then filed a complaint in the federal court. That complaint raised the previously dismissed state claims and raised federal statutory violations not previously alleged. The federal court dismissed the federal claims for failure to state claims upon which relief could be granted and terminated the pendent state claims. The plaintiff then filed a third complaint in the state court in which he realleged the prior state claims and added a new count for common law fraud. The defendants moved to dismiss the third complaint as an impermissible refiling under section 13—217 of the Code; but the court denied the motion. The appellate court affirmed the trial court and held that the federal court's refusal to exercise pendent jurisdiction over state law claims

was not a dismissal for lack of subject matter jurisdiction such that the federal court refiling did not constitute the single permissible filing under section 13—217.

Recently, our supreme court rejected the holding in *Fanaro* and its distinction between a federal court's dismissal of the refiled complaint for lack of supplemental jurisdiction (which includes pendent jurisdiction) and a federal court's dismissal of the refiled complaint for lack of subject matter jurisdiction. *Timberlake v. Illini Hospital*, 175 Ill. 2d 159 (1997). In *Timberlake*, the court held that a federal court's "dismissal for lack of supplemental jurisdiction has no different effect on a plaintiff's right to refile under section 13—217 than does a dismissal for lack of subject matter jurisdiction generally." *Timberlake*, 175 Ill. 2d at 165. Under facts identical to *Fanaro* and to the instant case, the *Timberlake* court upheld the dismissal of the plaintiff's second state court action because the plaintiff's refiling of her identical state court claims in the federal court after those claims had been dismissed in the earlier state court action constituted the single refiling permitted by section 13—217 of the Code.

Here, as in *Timberlake*, the plaintiff was entitled to one refiling of the claims voluntarily dismissed in the first action filed in the circuit court of Cook County. If the federal complaint realleged the causes of action raised in the prior state action, then that action would have been the single refiling of those claims permitted by section 13—217 even though the federal court dismissed the state claims for lack of supplemental jurisdiction. See *Timberlake*, 175 Ill. 2d 159; *Flesner*, 145 Ill. 2d 252, 582 N.E.2d 720; *Ko v. Eljer Industries, Inc.*, 287 Ill. App. 3d 35 (1997).

■ For purposes of section 13—217, a complaint is said to be a refiling of a previously filed complaint if it contains the same cause of action as defined by *res judicata* principles. See *Phillips v. Elrod*, 135 Ill. App. 3d 70, 478 N.E.2d 1078 (1985). In *Phillips*, the court held that a federal claim, which was premised on the same core of operative facts as the previously dismissed state claim, constituted the single refiling permitted under section 24 of the Limitations Act, the predecessor provision of section 13—217 of the Code. Accord *Timberlake v. Illini Hospital*, 277 Ill. App. 3d 1041, 661 N.E.2d 1145 (1996), *aff'd*, 175 Ill. 2d 159 (1997). See also *Rodgers v. St. Mary's Hospital*, 149 Ill. 2d 302, 312, 597 N.E.2d 616, 621 (1992), stating:

> "To determine whether causes of action are the same for *res judicata* purposes, Illinois courts have adopted two tests. [Citations.] The first is called the 'same evidence' test. Under that test, *res judicata* bars a second suit if the evidence needed to sustain the second suit would have sustained the first, or if the same facts

were essential to maintain both actions. [Citations.] The second test is the 'transactional' approach, which considers whether both suits arise from the same transaction, incident, or factual situation. The transactional approach provides that ' "the assertion of different kinds of theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief." ' [Citations.]"

Accord *Zabel v. Cohn*, 283 Ill. App. 3d 1043, 670 N.E.2d 877 (1996).

■ Here, all of the complaints filed by D'Last sought recovery for damages resulting from various acts of misconduct by the defendants and/or their employees which allegedly interfered with plaintiff's passport photography business. Briefly summarized, the tortious acts, some of which allegedly occurred on more than one occasion, included jostling and accosting plaintiff's potential customers, assaulting plaintiff's employees, interfering with ingress into and egress from plaintiff's business establishment, maligning plaintiff's services, and damaging and converting plaintiff's property. Based upon those acts, D'Last sought recovery in all three actions under theories of interference with contract and prospective contract, trade slander, trespass, nuisance, consumer fraud and deceptive trade practices and conspiracy. The federal complaint, in addition to raising these state law claims, alleged federal antitrust and RICO violations based upon various acts affecting interstate commerce including solicitation to commit murder, attempted extortion, and conspiracy to monopolize the passport and immigration photography and fingerprint business.

The plaintiff contends that the federal complaint was not a refiling of the first state action because it contained claims for antitrust and RICO violations. According to the plaintiff, those claims did not involve the same core of operative facts as the state common law and statutory claims raised in the state court action. The plaintiff has not, however, supported this contention with detailed argument or with citation of authority such that we find the argument waived. See 155 Ill. 2d R. 341(e)(7) (argument shall contain reasons and citation of authorities); *Bank of Illinois v. Thweatt*, 258 Ill. App. 3d 349, 630 N.E.2d 121 (1994). Moreover, notwithstanding this waiver, plaintiff's argument, even if correct, would not be dispositive. Even assuming the federal complaint included federal claims that were not premised on the same core of operative facts as the claims made in the earlier state action, that complaint also realleged the state claims raised in the earlier state action. Thus, it was a refiling of the first state court action. Moreover, since the plaintiff concedes that the state claims raised in the federal action and in the first state court action have been repled in counts I through XII of that

amended complaint filed in the second state court action, based on *Timberlake*, those counts were properly dismissed as a second refiling barred by section 13—217.

The plaintiff next contends that the second state court action was not a second refiling of the first state court action because it, too, contained claims that were not alleged in the earlier action. Plaintiff's argument in this regard is limited to counts XIII through XXIV of its amended complaint filed in the second state action. Those counts seek recovery on the same state common law and statutory theories of liability raised in the first state action. They are different in that they allege misconduct by the defendants that occurred after the amended complaint in the first state action was filed (September 8, 1992) but before that amended complaint was voluntarily dismissed by the plaintiff in March 1994.

Generally, a defendant's continuing course of conduct, even if related to conduct complained of in an earlier action, creates a separate cause of action. *E.g., Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 99 L. Ed. 1122, 75 S. Ct. 865 (1955) (continuing antitrust violations); *United Food & Commercial Workers Local 100—A Health & Welfare Fund v. City Foods, Inc.*, 878 F. Supp. 122 (N.D. Ill. 1995) (continuing ERISA violations); *Raabe v. Messiah Evangelical Lutheran Church*, 245 Ill. App. 3d 539, 615 N.E.2d 15 (1993) (continuing nuisance). The doctrine of *res judicata* does not bar claims for continuing conduct complained of in the second lawsuit that occur after judgment has been entered in the first lawsuit. *Lawlor*, 349 U.S. 322, 99 L. Ed. 1122, 75 S. Ct. 865 (second action not barred where conduct occurred subsequent to prior judgment); *Zip Dee, Inc. v. Domestic Corp.*, 886 F. Supp. 1427 (N.D. Ill. 1995) (second trade infringement case not barred where infringement alleged therein based upon post-judgment product design); *Raabe*, 245 Ill. App. 3d 539, 615 N.E.2d 15 (second action not barred for subsequent flooding that results from continuing nuisance).

In the instant case, however, the conduct alleged in counts XIII through XXIV occurred after the plaintiff filed its amended complaint in the first state court action but before that complaint had been dismissed. In *Green v. Illinois Department of Transportation*, 609 F. Supp. 1021 (N.D. Ill. 1985), the federal court was presented with a similar fact pattern. The plaintiff in that case had filed an action in December 1981 alleging retaliatory harassment and denial of promotion based upon race in late 1980. That action was dismissed for want of prosecution on March 29, 1984. While that action was pending, in July 1983, the plaintiff filed a discrimination charge with a state regulatory agency charging discrimination in promotion in

September 1982 and retaliatory discharge in July 1983. The state agency issued a "Right to Sue" letter, and the plaintiff filed suit in August 1984. That second lawsuit recited the same history of facts as the 1981 lawsuit and sought injunctive and monetary recovery for the 1982 promotion denial, the 1983 discharge, and continuing harassment.

The *Green* court found that the claims filed in 1984 based upon the 1982 promotion denial and the 1983 discharge were not barred under the doctrine of *res judicata*. Apparently, the court found that those claims were not part of the same core of operative facts as the earlier 1980 promotion denial, even though they were related to conduct complained of in the earlier action, since the court held that the later claims were new and separate monetary claims for relief. *Green*, 609 F. Supp. at 1025-26. The court also found that although those claims arose while the plaintiff's earlier action was pending, the plaintiff was not required to amend his earlier complaint to include those claims.

The *Green* court reached a different result, however, with respect to the plaintiff's 1984 claim for harassment that was alleged to have been regular and continual beginning as early as 1980. The court found support for distinguishing the harassment claim from the promotion and discharge claims in the following language, which it quoted from a treatise on federal procedure:

> " 'Perhaps the best rule would be that claims for damages need include only matters arising out of injuries inflicted before the commencement of suit, while claims for declaratory or injunctive relief that intrinsically deal with conduct persisting through trial or into the future should embrace all matters arising prior to the close of trial or even judgment.' " *Green*, 609 F. Supp. at 1025, quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4409, at 77 (1981).

The court then stated:

> "In contrast to the discharge or denial of promotion, this alleged daily oppression [plaintiff's harassment claim] did continually violate Title VII [(42 U.S.C. § 2000e *et seq.* (1982))]. Given the continuing nature of this harassment, Green's prayer for injunctive relief would have stopped this harassment from continuing beyond the date of judgment. \*\*\* Green is seeking a second chance to litigate the same harassment he complained of in *Green I*, even though he had a full and fair chance to obtain complete relief in *Green I*. This is what the doctrine of *res judicata* is meant to prevent. \*\*\* Where a claim for injunctive relief deals with continuing conduct which by nature persists through trial, the plaintiff can usually litigate the claim fully without having to

amend to seek complete redress. Thus, we agree with the above suggestion of Professors Wright, Miller and Cooper that it may be fair to preclude later claims for injunctive relief which are based on a continual course of conduct which occurred before judgment had been entered in a previous suit." *Green*, 609 F. Supp. at 1026-27.

See also *City of Chicago v. Harris Trust & Savings Bank*, 56 Ill. App. 3d 651, 655-56, 371 N.E.2d 1182, 1186 (1977) (applying *res judicata* principles to continuing nuisance, stating:

"To hold that a prior adjudication on the merits is not a bar to the relitigation of the same case simply because each day the alleged violation exists constitutes a separate and distinct offense would be to defeat the purpose of the *res judicata* doctrine").

In the instant case, the plaintiff's claims, as with the harassment claim in *Green*, were based upon acts of misconduct that were of a continuing nature aimed at disrupting the plaintiff's passport photography business. The claims presented in counts XIII through XXIV were not separate and distinct from the claims raised in the first state action. They were claims premised on identical and repeated acts of tortious and harassing misconduct, different only in the dates of occurrence. See *St. Louis v. Baystate Medical Center, Inc.*, 30 Mass. App. Ct. 393, 568 N.E.2d 1181 (1991) (holding that *res judicata* doctrine barred subsequent action premised on defendants' acts of interference that occurred after filing of plaintiffs' first action but before that action had been dismissed; facts to be proved in both actions had a common quality, to restrict plaintiffs' clinical privileges and ultimately to oust plaintiffs).

Here, the plaintiff's first state action anticipated and alleged the continuing nature of defendants' conduct and sought injunctive relief for that very reason. See generally 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4409, at 76-77 (1981) (claims for "injunctive relief that intrinsically deal with conduct persisting through trial or into the future should embrace all matters arising prior to the close of trial or even judgment"). Given this factual scenario, there is no doubt that the plaintiff could have fully litigated all of its claims for relief in the earlier state action. In fact, our Code of Civil Procedure allows a plaintiff to file a supplemental pleading to add matters which arise after the original pleading. See 735 ILCS 5/2—609 (West 1992) (formerly Ill. Rev. Stat. 1991, ch. 110, par. 2—609) ("[s]upplemental pleadings, setting up matters which arise after the original pleadings are filed, may be filed within a reasonable time"). A supplemental pleading constitutes an amendment to the prior pleading and forms a part of and is tried with the original

case. See *Kovac v. Kovac*, 26 Ill. App. 2d 29, 167 N.E.2d 281 (1960); *Caldwell v. First National Bank*, 89 Ill. App. 448 (1900). While discretionary with the trial court (see *Rank v. Rank*, 107 Ill. App. 2d 339, 246 N.E.2d 12 (1969) (supplemental pleading may be filed by leave of court)), the filing of such a pleading would have been permitted here. The defendants would not have been surprised or prejudiced by that filing because the plaintiff's prior pleadings asserted that the defendants' conduct was continuing. See *Schwaner v. Belvidere Medical Building Partnership*, 155 Ill. App. 3d 976, 508 N.E.2d 522 (1987) (trial court abused discretion in denying motion to file amended pleading where no prejudice or surprise to opposing party); *First National Bank & Trust Co. v. Sousanes*, 66 Ill. App. 3d 394, 384 N.E.2d 30 (1978) (amendment should be permitted where no prejudice or surprise to other parties). See also *St. Louis*, 30 Mass. App. Ct. 393, 568 N.E.2d 1181 (amendment of existing action to include subsequent acts of interference is particularly apt where existing action seeks forward-looking injunctive relief and is likely to look to events and facts which develop after the complaint is first filed). As a result, since the plaintiff's claims for relief in counts XIII through XXIV are based on a continual course of conduct which occurred before judgment in the earlier action was entered, those claims would be barred by the doctrine of *res judicata* and thus are considered to be a second refiling of the prior state court action. See *Phillips*, 135 Ill. App. 3d 70, 478 N.E.2d 1078.

For the forgoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

COUSINS, P.J., and CAHILL, J., concur.