# Illinois Official Reports

## Appellate Court

---

*Karen Stavins Enterprises, Inc. v. Community College District No. 508, County of Cook*,
**2015 IL App (1st) 150356**

---

| | |
|---|---|
| Appellate Court Caption | KAREN STAVINS ENTERPRISES, INC., an Illinois Corporation, Plaintiff-Appellant, v. COMMUNITY COLLEGE DISTRICT NO. 508, COUNTY OF COOK, a Body Politic and Corporate, Defendant-Appellee. |
| District & No. | First District, Sixth Division<br>Docket No. 1-15-0356 |
| Filed | July 17, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-M1-132512; the Hon. Joyce Marie Murphy Gorman, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Richard Lee Stavins, of Robbins, Salomon & Patt, Ltd., of Chicago, for appellant.<br><br>Shawn Burnett Whitaker, Deputy General Counsel, of City Colleges, of Chicago, for appellee. |

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Justices Lampkin and Rochford concurred in the judgment and opinion.

**OPINION**

¶ 1    The plaintiff, Karen Stavins Enterprises, Inc., appeals from an order of the circuit court of Cook County dismissing the instant action against the defendant, Community College District 508, County of Cook (City Colleges) in which the plaintiff sought to recover the value of the services of nine actors who performed in a commercial produced for the defendant, along with its fees for booking the actors, interest and costs. For the reasons that follow, we reverse the judgment of the circuit court and remand this cause for further proceedings.

¶ 2    In its first amended complaint (hereinafter referred to as the complaint), the plaintiff alleged that City Colleges selected and hired nine actors to perform in a commercial to be broadcast on television and the internet, extolling the virtues of an education at City Colleges. According to the complaint, City Colleges "hired each of the actors through [the] plaintiff in [the] plaintiff's capacity as the talent agent for each of the actors." The actors performed their designated parts in the production, and the commercial was repeatedly broadcast on television and the internet. According to the complaint, the reasonable value of the actors' services along with the plaintiff's fees is $13,909.37, which City Colleges has refused to pay. The complaint states that the actors have been paid nothing for their services. The plaintiff specifically alleged that City Colleges did not have an expressed contract with it or the actors, but asserts that City Colleges voluntarily accepted the services of the actors and the plaintiff without objection. The plaintiff sought a judgment in the sum of $13,909.37, plus interest and costs.

¶ 3    City Colleges filed a motion to dismiss the complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2012)). In that motion, City Colleges asserted that, as a body politic, it is limited to only those powers conferred upon it by law. Citing to section 3-27.1 of the Illinois Public Community College Act (110 ILCS 805/3-27.1 (West 2012)), City Colleges acknowledged that it has the authority to award contracts and stated that it has adopted policies and procedures for the awarding of contracts involving expenditures of from $5,000 to $25,000. City Colleges argued that the plaintiff has not, and cannot, allege compliance with its policies and procedures governing contracts and purchase orders and has failed to allege that an individual with authority to enter into contracts on its behalf accepted the plaintiff's services or made any representations that its services would be accepted and paid for by City Colleges. The circuit court granted the motion, and this appeal followed.

¶ 4    As this matter comes to us on appeal from a dismissal pursuant to a section 2-615 motion, our review is *de novo.* The question presented is whether sufficient facts are alleged within the complaint which, if established, could entitle the plaintiff to the relief it seeks. *Urbaitis v. Commonwealth Edison*, 143 Ill. 2d 458, 475 (1991). In reviewing the dismissal, we take all well-pleaded facts in the plaintiff's complaint as true and draw all reasonable inferences from those facts which are favorable to the plaintiff. *Jackson v. South Holland Dodge, Inc.*, 197 Ill.

2d 39, 44-45 (2001). However, the only facts which we consider are those alleged in the complaint. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 485 (1994).

¶ 5    At the outset, we note that, both in its section 2-615 motion and in its brief before this court, City Colleges has alleged facts that are not contained within the complaint. By way of example, City Colleges alleges that it had an agreement with Mothlight Pictures, Inc. (Mothlight), pursuant to which Mothlight was to provide television commercial production services and that Mothlight was the only entity that it contracted with to provide services for the development of the commercials at issue in this case. In support of its allegations in this regard, City Colleges attached the affidavit of its vice chancellor to its section 2-615 motion. However, as noted earlier, the only facts to be considered in ruling on a section 2-615 motion are those set forth in the complaint under attack. A section 2-615 motion cannot be supported by affidavit or by reference to facts not contained within the complaint. Consequently, in determining whether the complaint sets forth a cause of action upon which relief might be granted to the plaintiff, we have not considered any of the factual allegations asserted by City Colleges in its section 2-615 motion or in its brief before this court that are not contained within the complaint. See *Urbaitis*, 143 Ill. 2d at 476 ("evidentiary material outside of the pleadings may not be considered in ruling on a section 2-615 motion").

¶ 6    Although the complaint alleges that City Colleges "personally selected and hired" each of the nine actors that performed in its commercial, the complaint also states that City Colleges "does not have an expressed contract with the actors or with [the] plaintiff." In its brief on appeal, the plaintiff contends that it sought recovery based upon a contract implied in law and not based upon either an express contract or a contract implied in fact.

¶ 7    A contract implied in law, or a quasi contract, is not a contract at all. Rather, it is grounded in an implied promise by the recipient of services or goods to pay for something of value which it has received. *Century 21 Castles by King, Ltd. v. First National Bank of Western Springs*, 170 Ill. App. 3d 544, 548 (1988). A contract implied in law is one in which no actual agreement exists between the parties, but a duty to pay a reasonable value is imposed upon the recipient of services or goods to prevent an unjust enrichment. *Hayes Mechanical, Inc. v. First Industrial, L.P.*, 351 Ill. App. 3d 1, 8 (2004). The essence of a cause of action based upon a contract implied in law is the defendant's failure to make equitable payment for a benefit that it voluntarily accepted from the plaintiff. *Cannella v. Village of Bridgeview*, 284 Ill. App. 3d 1065, 1074 (1996). No claim of a contract implied in law can be asserted when an express contract or a contract implied in fact exists between the parties and concerns the same subject matter. *Zadrozny v. City Colleges of Chicago*, 220 Ill. App. 3d 290, 295 (1991). In order to state a claim based upon a contract implied in law, a plaintiff must allege specific facts in support of the conclusion that it conferred a benefit upon the defendant which the defendant has unjustly retained in violation of fundamental principles of equity and good conscience. See *HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.*, 131 Ill. 2d 145, 160 (1989). Stated otherwise, to be entitled to a remedy based upon a contract implied in law, a plaintiff must show that it has furnished valuable services or goods which the defendant received under circumstances that would make it unjust to retain without paying a reasonable value therefore. *Hayes Mechanical*, 351 Ill. App. 3d at 9.

¶ 8    The grounds for dismissal asserted by City Colleges in its section 2-615 motion and repeated in its brief before this court is that it cannot be liable to the plaintiff absent compliance with its policies and procedures for awarding contracts which the plaintiff has failed to allege.

It argues that a contract cannot be implied if the prescribed method of executing its contracts has not been followed. The argument would have merit if the plaintiff were seeking to recover on the theory of an express contract or a contract implied in fact. See *Woodfield Lanes, Inc. v. Village of Schaumburg*, 168 Ill. App. 3d 763, 768-69 (1988); *Wacker-Wabash Corp. v. City of Chicago*, 350 Ill. App. 343, 354 (1953). However, when as in this case, a plaintiff seeks recovery based upon a contract implied in law, recovery may be had from a governmental unit despite the absence of compliance with its policies and procedures for awarding contracts. *Woodfield Lanes*, 168 Ill. App. 3d at 769.

¶ 9 Although we have rejected the grounds asserted by City Colleges in support of the circuit court's dismissal of the plaintiff's complaint, as a reviewing court, we can affirm the judgment of the circuit court on any grounds which are apparent from the record, regardless of whether the circuit court relied on those grounds and regardless of whether the circuit court's reasoning was correct. *Bell v. Louisville & Nashville R.R. Co.*, 106 Ill. 2d 135, 148 (1985). Consequently, we must still address the question of whether the complaint states a cause of action upon which relief might be granted.

¶ 10 In its complaint, the plaintiff alleged that: the actors who performed in City Colleges, commercial were hired and booked through the plaintiff; City Colleges hired those actors to perform in its commercial; the actors performed in the commercial; and City Colleges refused to pay the plaintiff for its services. We believe that these allegations sufficiently allege that the plaintiff provided a service to City Colleges, that City Colleges used those services under circumstances that would give a reasonable person notice that the plaintiff expected to be paid, and that, by refusing to pay the plaintiff for its services, City Colleges has unjustly retained a benefit in violation of fundamental principles of equity and good conscience. We conclude, therefore, that the complaint states a cause of action predicated upon a contract implied in law for the services rendered by the plaintiff. We express no opinion as to the plaintiff's standing to seek a recovery for the reasonable value of the actors' services or whether there may be factual matters outside of the allegations in the complaint which may defeat the plaintiff's right to recover against City Colleges for its services in booking the actors. We conclude only that, taking the allegations in the complaint as true, the plaintiff has sufficiently pleaded an action based on a contract implied in law for the services which it rendered to City Colleges. For this reason, we reverse the judgment of the circuit court which dismissed the plaintiff's complaint and remand this matter back to the circuit court for further proceedings.

¶ 11 Reversed and remanded.