# Illinois Official Reports

## Appellate Court

---

### *First Midwest Bank v. Cobo*, 2017 IL App (1st) 170872

---

| | |
|---|---|
| Appellate Court Caption | FIRST MIDWEST BANK, as Successor in Interest to Waukegan Savings Bank, f/k/a Waukegan Savings and Loan, SB, Plaintiff-Appellee, v. ANDRES COBO and AMY M. RULE, Defendants-Appellants. |
| District & No. | First District, First Division<br>Docket No. 1-17-0872 |
| Filed | November 6, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-L-007759; the Hon. Raymond W. Mitchell, Judge, presiding. |
| Judgment | Order vacated; complaint dismissed. |
| Counsel on Appeal | Law Offices of Arthur C. Czaja, of Niles (Arthur C. Czaja, of counsel), for appellants.<br><br>Klein, Daday, Aretos & O'Donoghue, LLC, of Rolling Meadows (Diana Rdzanek, of counsel), for appellee. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion.<br>Presiding Justice Pierce and Justice Mikva concurred in the judgment and opinion. |

## OPINION

¶ 1    Defendants, Andres Cobo and Amy Rule, appeal the order of the Cook County circuit court granting summary judgment in favor of plaintiff, First Midwest Bank, on its complaint for breach of contract and unjust enrichment. On appeal, defendants contend the court erred in (1) denying defendants' motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2016)), where plaintiff's complaint was an impermissible second refiling of its previous claims and (2) granting summary judgment where a genuine issue of material fact exists as to whether the note attached to plaintiff's complaint was actually the note signed by the parties. For the following reasons, we vacate the order granting summary judgment and dismiss the underlying complaint.

¶ 2                                   JURISDICTION

¶ 3    The trial court granted summary judgment on March 21, 2017. Defendants filed a notice of appeal on April 4, 2017. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 303 (eff. July 1, 2017) and 304(a) (eff. Mar. 8, 2016), governing appeals from final judgments entered below.

¶ 4                                   BACKGROUND

¶ 5    On November 20, 2006, defendants executed a promissory note in favor of Waukegan Savings and Loan, SB (Waukegan), in exchange for a $227,500 loan. As security for the loan, defendants obtained a mortgage on real property located at 625 S. 12th Avenue in Maywood, Illinois. Plaintiff is the successor in interest to Waukegan.

¶ 6    In 2011, defendants stopped making payments and defaulted on the note and mortgage. On December 8, 2011, Waukegan filed a complaint for foreclosure (foreclosure complaint) and attached a copy of the mortgage and "a copy of the Note secured thereby." The foreclosure complaint alleged the amount of original indebtedness as $227,500. The foreclosure complaint also alleged that plaintiff "is the owner and legal holder of the Note, Mortgage and indebtedness," and alleged a "[d]efault in monthly payments due July 1, 2011 and thereafter" by defendants. The total amount now due was the remaining principal of $214,079.06 "[p]lus interest, late fees and collection costs," and defendants were named as "persons claimed to be personally liable for deficiency." As relief, the foreclosure complaint requested a "Judgment of foreclosure and sale." Plaintiff also requested as relief, "if sought," a "personal judgment for deficiency," a shortened redemption period, an order granting possession, an order "placing the mortgagee in possession or appointing a receiver," and a judgment for attorney fees and expenses. Plaintiff voluntarily dismissed the foreclosure complaint on April 2, 2013.

¶ 7    On April 16, 2013, plaintiff as receiver for Waukegan filed a complaint for breach of promissory note (breach of note complaint) and attached a copy of the note. The breach of note complaint alleged that defendants executed the promissory note in exchange for a $227,500 loan but they had not made payments on the note since July 1, 2011. The breach of note complaint alleged that, pursuant to the terms of the note, defendants owed $251,165.72, which represented the remaining principal of $214,079.06, plus interest, accrued late fees, and other costs. As relief, plaintiff requested this amount "plus accrued interest and late fees

through the date of judgment plus attorney's fees and costs" and any relief the court deems just. Plaintiff voluntarily dismissed this complaint pursuant to section 2-1009 of the Code (735 ILCS 5/2-1009 (West 2016)) on April 3, 2015.

¶ 8    On July 30, 2015, plaintiff filed a two-count complaint alleging breach of contract and, in the alternative, unjust enrichment (breach of contract complaint). The breach of contract complaint alleged that defendants executed a promissory note payable to Waukegan in the amount of $227,500 and executed a mortgage on real property located at 625 S. 12th Avenue in Maywood, Illinois, as security for the loan. Attached to the breach of contract complaint were copies of the note and mortgage. Plaintiff alleged that it is the successor in interest to Waukegan. Count I alleged that defendants defaulted on the note by failing to make payments since July 1, 2011, and as of July 27, 2015, the principal amount owed was $214,079.06, plus interest, late charges, appraisal fees, escrow deficiency, and attorney fees and costs. Plaintiff requested these amounts as relief, "pursuant to the Note," under count I. Count II alleged unjust enrichment and requested relief in the amount of $214,079.06.

¶ 9    Defendants filed a section 2-619 motion to dismiss, arguing that the breach of contract action was barred by section 13-217 of the Code (735 ILCS 5/13-217 (West 1994)).[1] Defendants argued that section 13-217 permits only one refiling of a claim and the breach of contract complaint represented the second refiling of the foreclosure complaint, with the breach of note complaint being the first refiling. The trial court denied defendants' motion to dismiss, finding that the foreclosure complaint and breach of note complaint, although based on "closely related" transactions, were "not part of the same transaction or occurrence." Rather, the claims sought in each complaint were based on "separate contracts executed for distinct purposes and [gave] rise to separate remedies." Therefore, the 2015 breach of contract complaint did not constitute a second refiling of the 2011 foreclosure complaint but rather "the first refiling of Plaintiff's 2013 breach of promissory note action under section 13-217." Defendants filed a motion to reconsider, which the trial court denied.

¶ 10   Defendants filed their answer to the breach of contract complaint and also filed four affirmative defenses. Their first affirmative defense was that the breach of contract complaint was an improper second refiling of a voluntarily dismissed complaint. As their third affirmative defense, defendants argued that the note attached to the breach of contract complaint was "no note at all, but rather a compilation of two unsigned pages of the Note and a third signature page from a rider to the Mortgage." The other affirmative defenses are not relevant on appeal. Plaintiff filed a section 2-619 motion to strike the affirmative defenses and then filed a motion for summary judgment. In response, defendants challenged the amounts due and owing, arguing that plaintiff sought impermissible late fees and the prior attorney fees and costs were unsupported by the attached documents. Plaintiff subsequently withdrew its request for late fees and filed an amended motion for summary judgment, with the affidavit of Jeanine Cozzi stating the amounts due and owing attached.

¶ 11   The trial court granted plaintiff's motion to strike the affirmative defenses and granted summary judgment, finding that "[p]laintiff has established all necessary elements" for its breach of contract claim. The court noted that plaintiff withdrew its request for late charges

---

[1]This version of section 13-217 is now in effect because our supreme court in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997), found the subsequently amended version unconstitutional in its entirety.

and attached the supplemental affidavit of Cozzi "containing detailed invoices from the attorney who handled the case." After "[t]aking all of the relevant factors into consideration," plaintiff sufficiently demonstrated "that the attorney fees it seeks are reasonable."

¶ 12 The trial court also addressed defendants' argument "that the copy of the promissory note attached to the complaint is not a correct copy and that Plaintiff's claim therefore fails pursuant to Illinois Code of Procedure section 5/2-606." 735 ILCS 5/2-606 (West 2016). The court determined, however, that section 2-606 pertains to pleading requirements and the "procedurally proper means to attack the legal sufficiency of the pleadings" is a motion pursuant to section 2-615 (735 ILCS 5/2-615 (West 2016)). Nevertheless, the court found it had addressed this issue in its March 2, 2017, order and determined "that Plaintiff's pleadings were sufficient." The trial court entered judgment against defendants in the amount of $308,192.56. This appeal followed.

¶ 13                                   ANALYSIS

¶ 14 Defendants first argue that the trial court erred in denying their section 2-619 motion to dismiss plaintiff's breach of contract complaint because the complaint was an improper second refiling of the foreclosure complaint. Defendants also raised this issue as an affirmative defense, which the trial court struck before granting summary judgment in favor of plaintiff. A section 2-619 motion to dismiss admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter that avoids or defeats the claim. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). "A grant or denial of a motion to dismiss is a question of law that we review *de novo*." *Simmons v. Homatas*, 236 Ill. 2d 459, 477 (2010).

¶ 15 Plaintiff's predecessor in interest filed a foreclosure complaint in 2011, which plaintiff voluntarily dismissed in 2013. A few weeks later, plaintiff filed its complaint for breach of promissory note, which it voluntarily dismissed in 2015. Approximately four months after that dismissal, plaintiff filed the underlying two-count complaint for breach of contract. Section 13-217 provides that if the plaintiff voluntarily dismisses a cause of action, "the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, *** after the action is voluntarily dismissed by the plaintiff." 735 ILCS 5/13-217 (West 1994). Although plaintiff's right to refile is "absolute," this right is not limitless, and section 13-217 permits only one such refiling. *Timberlake v. Illini Hospital*, 175 Ill. 2d 159, 163 (1997). The parties on appeal do not dispute that plaintiff's 2015 breach of contract complaint was a refiling of its 2013 breach of note complaint. Defendants contend, however, that plaintiff's breach of note complaint was a refiling of the 2011 foreclosure complaint. If so, plaintiff's breach of contract complaint constituted an improper second refiling.

¶ 16 A complaint is a refiling under the statute if it contains "the same cause of action" as a previously filed complaint for purposes of *res judicata*. *D'Last Corp. v. Ugent*, 288 Ill. App. 3d 216, 220 (1997). Claims are identical under section 13-217 if "the parties are the same and both theories of relief arise out of a single core of operative facts." *Schrager v. Grossman*, 321 Ill. App. 3d 750, 758 (2000); see also *Mabry v. Boler*, 2012 IL App (1st) 111464, ¶ 23 (finding that separate claims, one alleging personal injury and the other alleging property damage, constituted a single cause of action for purposes of section 13-217 because they arose from the same negligent actions that resulted in the accident).

¶ 17    In the past, to determine whether separate complaints involved the same cause of action Illinois courts utilized two tests: the same evidence test and the transactional test. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 307 (1998). The same evidence test "is tied to the theories of relief asserted by a plaintiff" so that two claims that may be part of the same transaction are "considered separate causes of action because the evidence needed to support the theories on which they are based differs." *Id.* at 309. In contrast, the transactional test "is more pragmatic" and views a claim in " 'factual terms.' " *Id.* (quoting Restatement (Second) of Judgments § 24 cmt. a, at 197 (1982)). In a transactional analysis, a claim is considered " 'coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; *** and regardless of the variations in the evidence needed to support the theories or rights.' " *Id.* (quoting Restatement (Second) of Judgments § 24 cmt. a, at 197 (1982)). In other words, claims can "be considered part of the same cause of action even if there is not a substantial overlap of evidence, so long as they arise from the same transaction." *Id.* at 311.

¶ 18    In *River Park*, our supreme court "adopted the more liberal transactional test" for determining the identity of causes of action. *Id.* at 310. In doing so, the court expressly rejected "the more stringent standards of the same evidence test." *Id.* at 310-11. Therefore, pursuant to the transactional test, separate claims are "considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Id.* at 311. Our supreme court recognized that "the transactional test permits claims to be considered part of the same cause of action even if there is not a substantial overlap of evidence, so long as they arise from the same transaction." *Id.*

¶ 19    Here, the trial court found that the foreclosure complaint and breach of note complaint, although based on "closely related" transactions, were "not part of the same transaction or occurrence" because the mortgage and the promissory note served distinct purposes that gave rise to separate remedies. While it may be true that a mortgage and a promissory note constitute separate contracts with distinct remedies, these factors are more relevant in the same evidence test, which our supreme court expressly rejected in *River Park*. *Id.* In the transactional test, whether the claims asserted different theories of relief is irrelevant as long as both claims arose from a single group of operative facts. *Id.*

¶ 20    We find *LSREF2 Nova Investments III, LLC v. Coleman*, 2015 IL App (1st) 140184, instructive. In *Coleman*, the plaintiff's predecessor in interest filed a single-count foreclosure complaint seeking as relief a judgment to foreclose the mortgage and a personal judgment for deficiency. *Id.* ¶ 4. The plaintiff brought the complaint in its capacity as legal holder of the mortgage and promissory note, and both documents were attached as exhibits. The complaint also alleged that the defendant was personally liable for the deficiency. *Id.* The court entered a judgment of foreclosure in favor of the plaintiff, who subsequently purchased the subject property at the judicial sale. *Id.* ¶ 6. The court also entered an order for an "IN REM deficiency judgment." *Id.* Approximately one year later, the plaintiff filed a complaint seeking to enforce the promissory note against the defendant. *Id.* ¶ 7.

¶ 21    The trial court granted the defendant's motion to dismiss the complaint based on *res judicata*. *Id.* ¶ 9. On appeal, the plaintiff argued that no identity of the causes of action existed because it sought separate, consecutive proceedings for adjudicating the mortgage and the promissory note. *Id.* ¶ 12. This court, however, affirmed the dismissal of plaintiff's

complaint, finding that "[i]n the foreclosure action, plaintiff sought to foreclose on defendant's property, but also explicitly sought a personal deficiency judgment against defendant. Plaintiff sought the personal deficiency judgment based on defendant's obligations under both the promissory note and the mortgage" pursuant to section 15-1508(e) of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1508(e) (West 2016)). *Coleman*, 2015 IL App (1st) 140184, ¶ 14. Therefore, under the transactional test, an identity of the causes of action existed between the foreclosure complaint and the subsequent complaint to enforce the terms of the promissory note. *Id.*

¶ 22    We agree that a single-count complaint, requesting foreclosure of the mortgage as well as a personal judgment for any deficiency, involves operative facts arising from both the mortgage and the promissory note. In a foreclosure action, "[t]he mortgagor is the instrumentality of the wrong. It was he or she who breached the contract by defaulting on the note secured by the mortgage. The foreclosure action is based on the note, the vehicle which gives the plaintiff the legal right to proceed against the property. The object of the foreclosure action is to enforce the obligation created by that contract, through the property, but against a specific person." *ABN AMRO Mortgage Group, Inc. v. McGahan*, 237 Ill. 2d 526, 536 (2010). See also *MB Financial Bank, N.A. v. Allen*, 2015 IL App (1st) 143060, ¶ 32 (finding that the mortgage provides the right to obtain a deficiency judgment and the promissory note allows the pursuit of personal monetary judgments).

¶ 23    Here, as in *Coleman*, plaintiff's predecessor in interest filed a single-count foreclosure complaint that alleged it was "the owner and legal holder of the Note, Mortgage and indebtedness," the original amount being $227,500. The complaint attached a copy of the mortgage and "a copy of the Note secured thereby," and alleged that defendants defaulted in the monthly payments "due July 1, 2011 and thereafter." The total amount due was the remaining principal of $214,079.06 "[p]lus interest, late fees and collection costs," and defendants were named as "persons claimed to be personally liable for deficiency." As relief, the complaint sought judgment of foreclosure and sale and also "personal judgment for deficiency."

¶ 24    Two weeks after the foreclosure complaint was voluntarily dismissed, plaintiff filed the breach of note complaint. In that complaint, plaintiff alleged that defendants executed the note in exchange for a loan in the amount of $227,500 and they had been delinquent in making payments since July 1, 2011. Plaintiff requested as relief, pursuant to the terms of the note, the amount of $251,165.72, which represented the remaining principal of $214,079.06, plus interest, accrued late fees, and other costs. Plaintiff voluntarily dismissed this complaint and, approximately four months later, filed the underlying two-count breach of contract complaint.

¶ 25    Following *Coleman*, we find that for purposes of *res judicata*, the same set of operative facts gave rise to the causes of action in the foreclosure complaint and the breach of note complaint. We disagree with the trial court's finding that *Coleman* is inapplicable because a judgment for deficiency was actually entered in that case, whereas here plaintiff never obtained such a judgment, nor did plaintiff seek to recover the deficiency in its breach of promissory note complaint. *Coleman*'s analysis on the identity of causes of action for *res judicata* purposes did not depend upon a final judgment, nor is one required to perform the transactional test pursuant to section 13-217. Also, it makes no difference whether plaintiff's theory of relief was based on foreclosure sale and deficiency judgment, or on

enforcement of the note itself, where both complaints sought to obtain what defendants owed plaintiff under the terms of the note due to default. The relevant consideration for purposes of section 13-217 is whether both claims arose from a single group of operative facts, regardless of whether they asserted different theories of relief. *River Park*, 184 Ill. 2d at 311. We find that standard has been satisfied here.

¶ 26    Plaintiff argues that the trial court properly denied defendants' motion to dismiss and cites as primary support *LP XXVI, LLC v. Goldstein*, 349 Ill. App. 3d 237 (2004), and *Wells Fargo Bank, N.A. v. Norris*, 2017 IL App (3d) 150764. *Goldstein*, however, involved a guaranty that was a contract separate from the mortgage and note. The court in *Goldstein* found that *res judicata* did not apply to bar a subsequent suit based on a guaranty contract where there had been a prior judgment of foreclosure and the previous action "did not encompass the guaranty." *Goldstein*, 349 Ill. App. 3d at 241. The cases cited by *Goldstein* on this issue, *Citicorp Savings of Illinois v. Ascher*, 196 Ill. App. 3d 570 (1990), and *Du Quoin State Bank v. Daulby*, 115 Ill. App. 3d 183 (1983), also involved a guaranty contract where the original foreclosure action did not allege a personal liability under the guaranty. We find *Goldstein* factually distinguishable from the case at bar.

¶ 27    Likewise, in *Norris* the challenged action involved not only the original mortgage but also a loan modification agreement. *Norris*, 2017 IL App (3d) 150764, ¶ 22. The court in *Norris* found that "[t]he operative facts of the two cases are substantially different. In the 2008 case, the mortgage foreclosure complaint alleged a violation of the original mortgage, a breach date of January 2008 to the present, and a principal balance due and owing of $159,061.43. In the 2010 case, however, the mortgage foreclosure complaint alleged a violation of the original mortgage and of a loan modification agreement, a breach date of June 2009 to the present, and a principal balance due and owing of $189,604.15." *Id.* Therefore, the court determined that "the 2010 case did not involve the same cause of action as the 2008 case for the purposes of the single refiling rule." *Id.* Unlike the second complaint in *Norris*, plaintiff's breach of note complaint did not allege an additional violation of a loan modification agreement not referred to in the original foreclosure complaint. Also, unlike *Norris*, the principal alleged due and owing in both of plaintiff's complaints was the same amount, $214,079.06, and the breach date alleged in both complaints was July 1, 2011.

¶ 28    We find that plaintiff's breach of contract action represented an improper second refiling in violation of section 13-217, and the trial court should have granted defendants' motion to dismiss that count. The complaint, however, also alleged in the alternative a count for unjust enrichment. Although the trial court made no explicit findings regarding unjust enrichment, it granted summary judgment in favor of plaintiff and stated that the final order "dispose[d] of the case in its entirety." On appeal, plaintiff argues that this court could also affirm the trial court's grant of summary judgment based on unjust enrichment. We disagree.

¶ 29    Unjust enrichment is an equitable remedy based on a contract implied in law. *Karen Stavins Enterprises, Inc. v. Community College District No. 508, County of Cook*, 2015 IL App (1st) 150356, ¶ 7. While no actual agreement exists between the parties, there is a duty to pay for goods or services to prevent an unjust enrichment. *Id.* The remedy of unjust enrichment is only available where there is no adequate remedy in law. *Guinn v. Hoskins Chevrolet*, 361 Ill. App. 3d 575, 604 (2005). "This theory is inapplicable where an express contract, oral or written, governs the parties' relationship." *Gagnon v. Schickel*, 2012 IL App (1st) 120645, ¶ 25. Therefore, a party cannot state a claim for unjust enrichment where an

express contract exists between the parties and concerns the same subject matter. *Karen Stavins*, 2015 IL App (1st) 150356, ¶ 7.

¶ 30    The unjust enrichment count of plaintiff's complaint alleged that defendants received a loan in the amount of $227,500 from plaintiff's predecessor in interest and used the loan to refinance real property located at 625 S. 12th Avenue in Maywood. Defendants made monthly payments to repay the loan and stopped making payments after June 1, 2011. The count further alleged that "[d]efendants have been unjustly enriched by receiving the benefits of the Loan, while at the same time refusing to remit payment for the full amounts due and owing Plaintiff." As relief, plaintiff sought $214,079.06, which represented the amount of "unpaid principal" "due and owing to Plaintiff." Although plaintiff did not specifically reference the mortgage and note in this count, the allegations of defendants' violations and obligations are based on those contracts and concern the same subject matter. Plaintiff also attached copies of the mortgage and promissory note to the complaint. Accordingly, the doctrine of unjust enrichment has no application here, and we cannot affirm the trial court's grant of summary judgment based on this count in plaintiff's complaint. See *Guinn*, 361 Ill. App. 3d at 604-05 (dismissing plaintiff's unjust enrichment count where the allegations relied on the obligations expressed in a contract between the parties, even though the contract was not referenced in the count, and plaintiff attached the contract to her complaint).

¶ 31    For the foregoing reasons, we vacate the trial court's order granting summary judgment and dismiss plaintiff's breach of contract complaint.

¶ 32    Order vacated; complaint dismissed.