BARBARA GREENBERG, Plaintiff-Appellant, v. ORTHOSPORT, INC., Defendant-Appellee.

First District (3rd Division)    No. 1—93—3379

Opinion filed June 12, 1996.—Rehearing denied August 22, 1996.

Dave Clark, of Chicago, for appellant.

Mary E. Rosen, of Chicago, for appellee.

PRESIDING JUSTICE TULLY delivered the opinion of the court:
Plaintiff, Barbara Greenberg, brought this medical malpractice action in the circuit court of Cook County against defendant, Orthosport, Inc., seeking to recover damages for the alleged negligence of defendant in conducting a functional capacity evaluation to determine plaintiff's fitness to return to work after a prior work injury. Defendants moved for summary judgment pursuant to section 2—1005 of the Code of Civil Procedure (735 ILCS 5/2—1005 (West 1992)), which the circuit court granted. It is from this order that plaintiff now appeals to this court pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301).

For the reasons which follow, we reverse and remand.

The pertinent facts are as follows. Plaintiff was a social worker employed by Catholic Charities in Chicago from 1970 to 1990. On January 4, 1990, plaintiff's supervisor had driven them to work, and as plaintiff was exiting the car, she sustained injuries to her back. Subsequently, plaintiff filed a worker's compensation claim and received temporary total disability benefits through November of 1990, which were later extended to May 2, 1991, due to an arbitration award. Plaintiff was unable to return to work due to her injuries. She underwent a laminectomy for a herniated disc on January 18, 1991.

On September of 1991, the insurance company for Catholic Charities, Gallagher-Bassett, retained Dr. Joseph Thometz to examine plaintiff and to determine her ability to return to work. As part of the examination, Thometz recommended a "functional capacity evaluation," which was set up by Effective Rehabilitation Management. Defendant, a physical therapy clinic retained by Catholic Charities through Gallagher-Bassett, was to conduct the examination. Defendant was not owned by or located on or near plaintiff's employer.

On October 23, 1991, the examination was performed by a physical therapist. Plaintiff was placed on a machine in order to perform the functional capacity evaluation. During this examination, which was designed to test her lumbar spine, plaintiff allegedly sustained a severe injury to her neck, a body part not previously injured.

Consequently, plaintiff brought this medical malpractice action against defendant, as the second injury was not work related. During arbitration, the arbitrator awarded plaintiff compensation for some of her medical expenses for the neck injury, but expressly found no causal relationship between the first and second injury. Subsequently, defendant filed its summary judgment motion, arguing that the exclusive remedy provision of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1991, ch. 48, par. 138.5 (now 820 ILCS 305/5 (West 1994))) barred plaintiff's medical malpractice claim against it. The circuit court agreed and granted summary judgment in favor of defendant.

On appeal, plaintiff first argues that the exclusive remedy provision of the Act should not bar plaintiff's independent claim for medical malpractice as defendant's alleged malpractice is a separate and distinct injury from the work-related injury. We agree.

Summary judgment motions permit the trial court to determine whether any genuine issue of material fact exists in the action, and if not, to provide an expedient means of resolution. *Purtill v. Hess*, 111 Ill. 2d 229, 240 (1986). When deciding the motion, the trial court should construe all of the evidence before it strictly against the movant. *Reed v. Bascon*, 124 Ill. 2d 386, 393 (1988). Our supreme court has warned that while summary judgments are to be encouraged in the interest of the prompt disposition of lawsuits, they are a drastic measure; consequently, trial courts should grant such judgments only where the movant's right is so clear as to be free from doubt. *Bascon*, 124 Ill. 2d at 393; *Purtill*, 111 Ill. 2d at 240. Our review of a grant of summary judgment is *de novo*. *Myers v. Health Specialists, S.C.*, 225 Ill. App. 3d 68, 72 (1992).

Section 5(a) of the Act provides, in pertinent part:

> "No common law or statutory right to recover damages from the employer, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice or recommendations for the employer or the agents or employees of any of them *for injury or death sustained by any employee while engaged in the line of his duty as such employee*, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act ***." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 48, par. 138.5 (now 820 ILCS 305/5 (West 1994)).

"In interpreting a disputed provision a court should first consider the statutory language itself as the best indication of the intent of the drafters. [Citation.] Terms that are unambiguous, when not specifically defined, must be given their plain and ordinary mean-

ing." *People ex rel. Village of McCook v. Indiana Harbor Belt R.R. Co.*, 256 Ill. App. 3d 27, 29 (1993); see also *Hayes v. Mercy Hospital & Medical Center*, 136 Ill. 2d 450 (1990). "If possible, every word, clause or sentence of a statute must be applied in a way that no word, clause or sentence is rendered superfluous." *People v. Gawlak*, 276 Ill. App. 3d 286, 291 (1995). "It is never proper for a court to depart from plain language by reading into a statute exceptions, limitations or conditions which conflict with the clearly expressed legislative intent." *Certain Taxpayers v. Sheahen*, 45 Ill. 2d 75, 84 (1970).

Clearly, section 5(a) bars an employee electing to pursue a workers' compensation claim from recovering, outside of the workers' compensation case itself, *"for injury or death sustained by any employee while engaged in the line of his duty as such employee."* (Emphasis added.) Ill. Rev. Stat. 1991, ch. 48, par. 138.5 (now 820 ILCS 305/5 (West 1994)). In other words, the plain language of section 5(a) limits its applicability to work-related injuries. However, the facts alleged in this case clearly state a separate and distinct injury that was *not* sustained while plaintiff was engaged in the line of her duty as an employee of Catholic Charities. Thus, it was error for the circuit court to have concluded that section 5(a) somehow extended its coverage to defendant and, accordingly, summary judgment was improperly entered.

In light of the foregoing, the judgment of the circuit court of Cook County is reversed and this cause is remanded for further proceedings not inconsistent with the views contained herein.

Reversed and remanded.

RIZZI and CERDA, JJ., concur.