# Illinois Official Reports

## Appellate Court

---

**Wells Fargo Bank, N.A. v. Norris, 2017 IL App (3d) 150764**

---

| | |
|---|---|
| Appellate Court Caption | WELLS FARGO BANK, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-RFC1, Asset-backed Pass-Through Certificates, Plaintiff-Appellee, v. DIXIE R. NORRIS, a/k/a DIXIE RUTH NORRIS, a/k/a DIXIE NORRIS, a/k/a DIXIE R. HICKS; ARTHUR NORRIS, a/k/a ARTHUR W. NORRIS; MARK W. SCHWIEBERT, for SCHWIEBERT & SCHWIEBERT; UNKNOWN OWNERS and NON-RECORD CLAIMANTS; UNKNOWN OCCUPANTS, Defendants (ARTHUR NORRIS, a/k/a ARTHUR W. NORRIS, Defendant-Appellant). |
| District & No. | Third District<br>Docket No. 3-15-0764 |
| Filed<br>Rehearing denied | July 3, 2017<br>August 29, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Rock Island County, No. 12-CH-141; the Hon. Mark A. Vandeweile, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Arthur W. Norris, Jr., of Davenport, Iowa, appellant *pro se*.<br><br>Michele D. Dougherty and Joseph M. Herbas, of Shapiro Kreisman & Associates, LLC, of Chicago, for appellee. |

Panel    JUSTICE CARTER delivered the judgment of the court, with opinion.
Justices McDade and Schmidt concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, Wells Fargo Bank, N.A., as trustee for a certain specified trust, brought an action against defendant, Arthur Norris, and others seeking to foreclose upon a mortgage held on certain real property in Rock Island County, Illinois. During pretrial proceedings, Wells Fargo moved for summary judgment on the foreclosure complaint. Defendant opposed the motion, claiming, among other things, that Wells Fargo's foreclosure complaint was barred by the single refiling rule (735 ILCS 5/13-217 (West 1994)). Following a hearing, the trial court granted summary judgment for Wells Fargo on the mortgage foreclosure complaint. After defendant's motion to reconsider was denied, the property was sold at a foreclosure sale, and the sale was confirmed by the trial court. Defendant appeals, challenging the trial court's grant of summary judgment for Wells Fargo. We affirm the trial court's judgment.

¶ 2    FACTS

¶ 3    This case (the 2012 foreclosure case or the 2012 case) has a long history in the trial court, spanning several years. Most of that history, however, is not relevant to the issue raised in this appeal. The facts of this case that are pertinent to that issue are as follows. Defendant and his former wife, Dixie Norris, owned the subject property in East Moline, Rock Island County, Illinois. The property was residential property. In February 2006, Dixie borrowed $161,500 from Hamilton Mortgage Company and signed a promissory note to that effect. The debt was to be paid back in monthly installments over a 30-year period and was subject to an adjustable rate of interest. The note was signed only by Dixie, as the borrower, and not by defendant. The note was secured by a mortgage (the mortgage or the original mortgage) on the subject property, which was duly recorded. The mortgage was signed by defendant and Dixie as the mortgagors. In January 2008, defendant and Dixie stopped making payments and defaulted on the mortgage. No payments on the mortgage were made after that time.

¶ 4    In July 2008, Wells Fargo, as the alleged legal holder of the note and mortgage, filed its first foreclosure action in Rock Island County as to the subject property (the 2008 foreclosure case or the 2008 case) against Dixie, defendant, and certain others. The complaint alleged a default on the original mortgage; a default date of January 2008 through the present; and an outstanding principal balance due and owing of $159,061.43 plus interest, costs, and attorney fees. In February 2009, a judgment of foreclosure and sale (the foreclosure judgment) was entered in the 2008 case. However, allegedly believing that defendant and Dixie had entered into a loan modification agreement, Wells Fargo moved to vacate the foreclosure judgment and to dismiss the 2008 case without prejudice. That motion was granted in July 2009.

¶ 5    In March 2010, Wells Fargo filed its second foreclosure action in Rock Island County as to the subject property (the 2010 foreclosure case or the 2010 case) against Dixie, defendant, and certain others. The complaint in the 2010 case alleged a default of the original mortgage and of a loan modification agreement, a default date of June 2009 through the present, and an outstanding principal balance due and owing of $189,604.15 plus interest, costs, and attorney fees. The alleged loan modification agreement, which was dated April 24, 2009, was

purportedly attached to the complaint in the 2010 case but has not been made part of the record on appeal.

¶ 6     In August 2010, Dixie and defendant got divorced. Pursuant to the settlement agreement in the divorce, Dixie conveyed her interest in the subject property to defendant by quit claim deed. In 2011, Dixie filed for bankruptcy protection in the federal court. As part of the bankruptcy proceeding, Dixie was discharged from her obligation under the promissory note.

¶ 7     Meanwhile, in the 2010 foreclosure case, defendant and Dixie disputed that they had agreed to a loan modification. In December 2011, based upon that dispute, Wells Fargo moved to dismiss the 2010 case without prejudice, stating that it would refile the original action. Defendant objected to the motion to dismiss. In his written objection, defendant pointed out that a foreclosure action as to the same property had already been filed and dismissed by Wells Fargo once before in the 2008 case. Defendant noted further that Wells Fargo could not "repeatedly file and dismiss cases until it [won]." In January 2012, Wells Fargo's motion was granted by the trial court over defendant's objection and the 2010 foreclosure case was dismissed without prejudice.

¶ 8     In March 2012, Wells Fargo filed its third foreclosure action in Rock Island County as to the subject property (again, the 2012 foreclosure case or the 2012 case) against Dixie, defendant, and certain others. The complaint in the 2012 case alleged a default of the original mortgage, a default date of January 2008 through the present, and an outstanding principal balance due and owing of $159,061.43 plus interest, costs, and attorney fees. A copy of the note and mortgage were attached to the complaint.

¶ 9     In July 2012, defendant, who was representing himself *pro se* in the trial court proceedings, filed his answer to the complaint and certain affirmative defenses. Of relevance to this appeal, defendant alleged in his affirmative defenses that plaintiff's cause of action was barred in whole or in part by *res judicata* and/or collateral estoppel because a foreclosure case had already been brought by Wells Fargo two times previously as to the subject property and had been dismissed both times. The specific case numbers of the two prior foreclosure cases were listed in defendant's affirmative defense.

¶ 10     In August 2012, Wells Fargo filed a reply to defendant's affirmative defense. In its reply, Wells Fargo admitted that its two previous foreclosure actions had been dismissed but denied that the current cause of action was barred by *res judicata* and/or collateral estoppel. Wells Fargo alleged further in later filings (in support of Wells Fargo's requests for summary judgment) that *res judicata* and collateral estoppel did not apply in this case because the two prior cases were not fully litigated by the parties.

¶ 11     Over the next three years, at various times, Wells Fargo filed motions for summary judgment (and supporting documents) as to the foreclosure complaint in the 2012 case. On two prior occasions, in February 2013 and January 2015, summary judgment was granted for Wells Fargo only to be vacated later after defendant filed motions to reconsider. In those motions, defendant alleged, among other things, that he had not been properly notified or served of the hearing date or that the hearing took place in his absence at a time that was contrary to the parties' agreement. In addition, defendant maintained throughout the proceedings that the 2012 case was barred because a foreclosure action as to the subject property had been filed and dismissed twice before. Defendant continued to refer to his argument in that regard as being based upon *res judicata* and/or collateral estoppel until about April 2015, when defendant

began to refer to his argument as being based upon section 13-217 of the Code of Civil Procedure (735 ILCS 5/13-217 (West 1994)), the single refiling rule.

¶ 12 In April 2015, a hearing was held in the trial court on Wells Fargo's pending motion for summary judgment. Defendant was present for the hearing and represented himself *pro se*. At the time of the hearing, the trial court had before it the pleadings and supporting documents, the parties' briefs on some of the issues that had been raised, and the court files (or docket sheets) for both the 2008 and 2010 cases. During the hearing, Wells Fargo argued that it had established that defendant was in default; that a payment had not been made on the loan since January 2008; that a certain outstanding principal balance was due and owing plus interest, costs, and attorney fees; and that defendant had not established any defense to payment. Defendant agreed that no payment had been made on the debt since January 2008 but argued, among other things, that the 2012 foreclosure case should be dismissed based upon the single refiling rule. After listening to the arguments of the parties, the trial court granted Wells Fargo's motion for summary judgment. In doing so, the trial court found, among other things, that applying the single refiling rule to mortgage foreclosure proceedings would be against state and national public policy to keep homeowners in their homes, if at all possible, if they paid their mortgages. The trial court reasoned that defendant's theory would "disenfranchise many homeowners," stating:

> "Once you default, if you bring it current and then they dismiss the action, the next time, if—if your one-bite rule applies, then they have to complete the foreclosure. Even if the—if—even if that family wants to stay in their home and can later bring it current, they say, no, no we only get one bite at the apple, so we have to complete the foreclosure, you're going to lose your house, we have to put it up for foreclosure sale, you can't reinstate it."

A written order was later filed, granting summary judgment for Wells Fargo, along with a judgment of foreclosure and sale.[1]

¶ 13 Defendant filed a motion to reconsider. A hearing was held on the motion in June 2015. During the hearing, as the trial court was listening to the arguments of the parties, the trial court cited the mortgage reinstatement statute (735 ILCS 5/15-1602 (West 2012)) as further support for its prior decision denying defendant's single refiling rule argument. The trial court noted that the mortgage reinstatement statute was a more specific statute (that applied specifically to mortgage foreclosure proceedings) and that the legislature had contemplated in that statute that over the life of a loan, there could be multiple times when foreclosure proceedings were started, the borrower was subsequently reinstated, and the foreclosure proceedings were dismissed. At the conclusion of the hearing, the trial court took the matter under advisement to give the parties one final chance to reach a settlement. The trial court later issued a written ruling denying defendant's motion to reconsider.

¶ 14 The subject property was subsequently sold at a sheriff's sale, and the report of the sale was confirmed by the trial court. At that time, and at other times throughout the proceedings in this case, Wells Fargo acknowledged that it could not obtain a personal judgment against Dixie for the deficiency on the debt in this case because Dixie had discharged the debt in bankruptcy. It further acknowledged that it could not obtain a personal judgment against defendant for the

---

[1]A default judgment was entered against Dixie and the other named defendants (other than Arthur Norris—the instant defendant) for failing to appear or plead in this case.

- 4 -

deficiency because defendant had never signed the promissory note. Defendant appealed.

¶ 15                                              ANALYSIS

¶ 16             On appeal, defendant argues that the trial court erred in granting summary judgment for Wells Fargo on the mortgage foreclosure complaint in this, the 2012 case. Defendant asserts that summary judgment should not have been granted for Wells Fargo because (1) Wells Fargo's foreclosure complaint was barred by the single refiling rule, since this is the third time that Wells Fargo had filed the same foreclosure case against defendant as to the same subject property; (2) defendant properly raised the application of the single refiling rule as an affirmative defense and sufficiently supported that defense by filing an affidavit with supporting documents and case law opposing Wells Fargo's motion for summary judgment, even though defendant may have initially referred to that defense incorrectly as being based upon *res judicata* and/or collateral estoppel; (3) it was improper for the trial court to raise on its own the application of the mortgage reinstatement statute as a possible issue in this case during the hearing on defendant's motion to reconsider; and (4) the mortgage reinstatement statute does not apply in this case, since defendant did not cure the default, no loan modification was made, and no payments were made on a loan modification. For all of the reasons stated, defendant asks that we vacate the trial court's judgment and dismiss the foreclosure complaint or, alternatively, remand the matter with directions for the trial court to conduct a "new trial" without any of the errors that allegedly occurred.[2]

¶ 17             Wells Fargo argues that the trial court's grant of summary judgment was proper and should be upheld. In support of that argument, Wells Fargo asserts that (1) Wells Fargo did not violate the single refiling rule, since the second foreclosure case that was filed against defendant—the 2010 foreclosure case—was a new case, and not a refiling, in that the complaint in the 2010 case alleged a different breach (a breach of both the original mortgage and of a loan modification agreement) and a different date of default; (2) the filing of separate suits on separate defaults was proper in this case because, under the law, each missed monthly installment payment gave rise to its own separate cause of action; (3) this case, the 2012 foreclosure case, is the first and only refiling of the 2008 foreclosure case against defendant; (4) Wells Fargo was entitled to judgment as a matter of law in the summary judgment proceeding because defendant failed to establish a genuine issue of material fact as to his affirmative defense, which was based upon the application of the single refiling rule, in that defendant did not plead any facts or file any affidavits in support of that affirmative defense and alleged nothing more than bare legal conclusions; and (5) the trial court properly considered the mortgage reinstatement statute—a more specific statute—and general notions of equity in ruling upon defendant's motion to reconsider. For all of the reasons set forth, Wells Fargo asks that we affirm the trial court's grant of summary judgment in Wells Fargo's favor.

¶ 18             In reply, defendant points out that he did not sign the promissory note in this case and claims that, once Wells Fargo accelerated the debt and filed the 2008 foreclosure case, there were no longer any installments due and owing. Defendant thus contends that the rule on installment payments as set forth above does not apply in this case. Defendant again asserts,

_____

[2]It is unclear from defendant's brief whether defendant is requesting that the matter be remanded for a new summary judgment hearing or that the matter be remanded for a trial on the merits.

therefore, that summary judgment should not have been granted for Wells Fargo and that the trial court erred by doing so.

¶ 19    The purpose of summary judgment is not to try a question of fact but to determine if one exists. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 42-43 (2004). Summary judgment should be granted only where the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is clearly entitled to a judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2014); *Adams*, 211 Ill. 2d at 43. Summary judgment should not be granted if the material facts are in dispute or if the material facts are not in dispute but reasonable persons might draw different inferences from the undisputed facts. *Adams*, 211 Ill. 2d at 43. Although summary judgment is to be encouraged as an expeditious manner of disposing of a lawsuit, it is a drastic measure and should be allowed only where the right of the moving party is clear and free from doubt. *Id.* In appeals from summary judgment rulings, the standard of review is *de novo*. *Id.* When *de novo* review applies, the appellate court performs the same analysis that the trial court would perform. *Direct Auto Insurance Co. v. Beltran*, 2013 IL App (1st) 121128, ¶ 43. A trial court's grant of summary judgment may be affirmed on any basis supported by the record. *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315 (2004).

¶ 20    Defendant here asserts that Wells Fargo's foreclosure complaint is barred by section 13-217 of the Code of Civil Procedure (Code) (735 ILCS 5/13-217 (West 1994)).[3] Section 13-217, which is known as the single refiling rule, is a saving provision that grants a plaintiff the absolute right to refile his or her complaint within one year after a voluntary dismissal or within the remaining period of limitations, whichever is greater. See *Timberlake v. Illini Hospital*, 175 Ill. 2d 159, 163 (1997). The purpose of section 13-217 is to facilitate the disposition of cases on the merits and to avoid its frustration upon grounds unrelated to the merits. *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 44. Section 13-217 was not intended, however, to permit multiple refilings of the same cause of action. *Timberlake*, 175 Ill. 2d at 163. Indeed, our supreme court has interpreted section 13-217 as permitting one, and only one, refiling of a claim, even if the applicable statute of limitations has not expired. *Id.*; *Flesner v. Youngs Development Co.*, 145 Ill. 2d 252, 252-54 (1991).

¶ 21    For the purposes of section 13-217, a complaint is considered to be a refiling of a previously filed complaint if it constitutes the same cause of action under the principles of *res judicata*. *Mabry v. Boler*, 2012 IL App (1st) 111464, ¶ 22. In making that determination, Illinois courts apply a transactional test. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 310-11 (1998). Under the transactional test, separate claims will be considered to be the same cause of action if both claims arise from a single group of operative facts, regardless of whether they assert different theories of relief. *Id.* at 311.

¶ 22    When we apply the above rules to the present case, we find that the 2010 foreclosure case was not a refiling of the 2008 foreclosure case. The operative facts of the two cases are

---

[3]Although section 13-217 of the Code was amended effective March 1995, the public act that made that amendment was later held to be unconstitutional in its entirety by the Illinois Supreme Court in *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 378 (1997). The version of section 13-217 that is currently in effect, therefore, is the version that was in effect prior to the March 1995 amendment. *Hudson v. City of Chicago*, 228 Ill. 2d 462, 469 n.1 (2008).

substantially different. In the 2008 case, the mortgage foreclosure complaint alleged a violation of the original mortgage, a breach date of January 2008 to the present, and a principal balance due and owing of $159,061.43. In the 2010 case, however, the mortgage foreclosure complaint alleged a violation of the original mortgage and of a loan modification agreement, a breach date of June 2009 to the present, and a principal balance due and owing of $189,604.15. It is clear from the mortgage foreclosure complaint in each case that the 2010 case did not involve the same cause of action as the 2008 case for the purposes of the single refiling rule. See *id.* at 310-11; *Mabry*, 2012 IL App (1st) 111464, ¶ 22. We find no legal support for defendant's claim to the contrary. Because the 2010 case did not involve the same cause of action as the 2008 case, it was not a refiling of the 2008 case for the purposes of the single refiling rule. Therefore, the mortgage foreclosure complaint in this case, the 2012 case, is the first and only refiling of the 2008 case, and the single refiling rule has not been violated. See 735 ILCS 5/13-217 (West 1994); *Timberlake*, 175 Ill. 2d at 163; *Flesner*, 145 Ill. 2d at 252-54. Thus, the trial court properly granted summary judgment for Wells Fargo. Having reached that conclusion, we need not address the parties' other assertions on this issue.

¶ 23                                           CONCLUSION

¶ 24        For the foregoing reasons, we affirm the judgment of the circuit court of Rock Island County.

¶ 25        Affirmed.