**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200265

Order filed June 25, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| MARK ALAIMO, | ) | Appeal from the Circuit Court |
| | ) | of the 13th Judicial Circuit, |
| Plaintiff-Appellant, | ) | La Salle County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-20-0265 |
| | ) | Circuit No. 17-L-21 |
| | ) | |
| MENARD, INC., | ) | Honorable |
| | ) | Troy D. Holland, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE LYTTON delivered the judgment of the court.
Justices O'Brien and Wright concurred in the judgment.

**ORDER**

¶ 1   *Held*:  Summary judgment in favor of defendant was appropriate in personal injury case where plaintiff, a trespasser, was not owed a duty of reasonable care and failed to produce evidence in support of permissive use/frequent trespass exception.

¶ 2   Plaintiff, Mark Alaimo, filed a complaint against defendant, Menard, Inc., alleging premises liability and negligence for injuries he sustained in a retail store owned by defendant. Defendant moved for summary judgment, claiming that it did not owe Alaimo a duty of reasonable care because he was trespassing on defendant's property at the time of his injury. Alaimo

responded by asserting that the permissive use/frequent trespass exception to the general no-duty rule applied. The trial court granted summary judgment in defendant's favor, concluding that defendant did not owe Alaimo a duty, and Alaimo appeals. We affirm.

¶ 3                                                    I. BACKGROUND

¶ 4        On June 13, 2007, Alaimo was arrested for attempting to steal a cordless drill from Menards in Morris, Illinois, a store owned and operated by defendant. Alaimo pled guilty to one count of retail theft on August 7, 2008, and was sentenced to 42 days in jail. As a result of his conviction, Alaimo was barred from entering any Menard store location.

¶ 5        On February 25, 2015, Alaimo entered a Menard store in Peru, Illinois, and walked to the scrap lumber section. As he attempted to remove a piece of lumber from the display bin, he cut his right index finger on the edge of a board.

¶ 6        Alaimo filed a personal injury suit against defendant, alleging premise liability and negligence. In a request to admit, defendant stated that, as a result of Alaimo's conviction for retail theft in 2007, Alaimo was barred from entering the store and was trespassing by entering any Menard location. Alaimo failed to file a timely response to defendant's request and failed to appear at the motion to admit hearing. As a result, the trial court granted defendant's motion to deem those facts admitted.

¶ 7        Based on Alaimo's admitted trespasser status, defendant filed a motion for summary judgment, arguing that it did not owe Alaimo a duty of reasonable care because he was trespassing on defendant's property when he was injured. In his response, Alaimo claimed defendant owned him a duty of reasonable care under the "frequent trespasser" exception to the general rule limiting a landowner's duty to trespassers. He filed an affidavit with his response, stating that "during the period from 2008 until 2019, I was a frequent visitor, patron, and customer of the Menard, Inc.

store located at 5353 Mahoney Drive, Peru, Illinois." Attached to his affidavit, Alaimo included photocopies of 15 sales receipts for purchases he made at the Menard store in Peru, dating from July 14, 2016, through June 3, 2019.

¶ 8    Following a hearing on the summary judgment motion, the trial court concluded that Alaimo's admission that he was a trespasser on the Menard property eliminated defendant's duty of reasonable care owed to him as a matter of law and entered judgment in defendant's favor.

¶ 9                                    II. ANALYSIS

¶ 10   Alaimo appeals, arguing that the trial court erred in granting summary judgment in defendant's favor because defendant owed him a duty under the frequent trespass/permissive use exception to the general rule limiting a landowner's duty.

¶ 11   Summary judgment is appropriate only "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2018). The party moving for summary judgment bears the burden of proof in presenting a summary judgment motion. *Epple v. LQ Management, LLC*, 2019 IL App (1st) 180853, ¶ 15. The movant may meet that burden by affirmatively showing that some element of the case must be resolved in her favor or by establishing " 'that there is an absence of evidence to support the nonmoving party's case.' " *Nedzvekas v. Fung*, 374 Ill. App. 3d 618, 624 (2007) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Although a plaintiff is not required to prove his or her case at the summary judgment stage, some evidentiary facts to support the elements of the claim must be presented. *Helms v. Chicago Park District*, 258 Ill. App. 3d 675, 679 (1994). We review a trial court's decision to grant a motion for summary judgment *de novo. Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). Under *de novo* review, we perform

3

the same analysis that the trial court would perform. *Wells Fargo Bank, N.A. v. Norris*, 2017 IL App (3d) 150764, ¶ 19.

¶ 12    To state a cause of action for negligence, a plaintiff must first allege facts that establish the existence of a duty of care owed by the defendant, a breach of that duty, and an injury proximately caused by the breach. *Bajwa v. Metropolitan Life Insurance Co.*, 208 Ill. 2d 414, 421 (2004). Whether a duty exists in a particular case is a question of law for the court to decide. *Ward v. K Mart Corp.*, 136 Ill. 2d 132, 140 (1990).

¶ 13    Under the theory of premise liability, an owner or occupier of land owes a duty of reasonable care under the circumstances to all those who enter the premises, except trespassers. *Choate v. Indiana Harbor Belt R.R. Co.*, 2012 IL 112948, ¶ 24. Generally, a landowner is under no duty to maintain its premises for the safety of trespassers. *Epple*, 2019 IL App (1st) 180853, ¶ 17. It is well-settled that a landowner owes no duty of reasonable care to trespassers, only a duty to refrain from willfully and wantonly injuring them. *Choate*, 2012 IL 112948, ¶ 25.

¶ 14    Courts have created a number of exceptions to the general rule limiting a landowner's duty to trespassers. One such exception is the "permissive use/frequent trespass exception." *Epple*, 2019 IL App (1st) 180853, ¶ 19. Under this exception, a duty of reasonable care to trespassers is imposed where the landowner knows or should know of the trespassers' constant intrusion. *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 446-47 (1992). Liability extends in such cases "because the landowner's continued toleration of the trespass amounts to permission to make use of the land, so that the plaintiff then is not a trespasser but becomes a licensee." *Rodriguez v. Norfolk & W. Ry. Co.*, 228 Ill. App. 3d 1024 (1992). For liability to be imposed, however, the owner or possessor must know, or from facts within her knowledge should know, that individuals "constantly and

4

persistently intrude upon some particular place within the land." *Benamon v. Soo Line R.R. Co.*, 294 Ill. App. 3d 85, 92-93 (1997).

¶ 15    Here, Alaimo acknowledges his trespasser status, as admitted in the trial court, but claims that the permissive use/frequent trespass exception applies because he continued to frequent the Menard store in Peru after his conviction in 2008. There is an absence of evidence, however, to support Alaimo's assertion that he frequently visited the Peru store between his arrest in 2008 and his injury in 2015. Although Alaimo averred that he was a frequent customer at the Peru location after his 2008 conviction, most of the Menard receipts attached to his affidavit are dated well after his 2015 injury, and none of them are for purchases made between 2008 and 2015. In addition, Alaimo offered no evidence to show that defendant knew or should have known that he was frequently visiting, entering, and shopping at the Peru store. He also failed to provide any evidence to demonstrate that defendant knew or should have known that trespassers constantly and persistently intruded on defendant's property at any Menard location or that defendant permitted trespassers to intrude without any preventative measures. Thus, the permissive use/frequent trespass exception does not apply.

¶ 16    Alaimo's claim that his affidavit creates a genuine issue of material fact is unavailing. Illinois Supreme Court Rule 191(a) states that affidavits in opposition to a summary judgment motion "shall set forth with particularity the facts upon which the claim is based," and "shall not consist of conclusions but of facts admissible in evidence." Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013). Rule 191(a) is satisfied if it appears the affidavit is based on the affiant's personal knowledge and there is a reasonable inference that the affiant could competently testify to its contents at trial. *Jackson v. Graham*, 323 Ill. App. 3d 766, 777 (2001). Here, Alaimo's statement that he was a frequent visitor and customer of defendant's Peru store prior to his injury is merely a conclusion

5

without the facts necessary to prove its veracity. The affidavit does not provide particular facts in support of Alaimo's claim, and the attached receipts do not support the inference that defendant knew or should have known of his presence or that defendant permitted his constant intrusion at the Peru store prior to the injury.

¶ 17      In this case, there is no dispute that defendant was trespassing in defendant's store at the time of his injury, and, absent any evidence of defendant's knowledge of Alaimo's constant intrusion, no genuine issue of material facts exists as to whether the exception to the general limitation rule applies. Thus, summary judgment in defendant's favor was appropriate.

¶ 18                    III. CONCLUSION

¶ 19      The judgment of the circuit court of La Salle County is affirmed.

¶ 20      Affirmed.