2023 IL App (1st) 220059-U

No. 1-22-0059

Filed November 2, 2023

Fourth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| DARRON BREWER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | 19 CH 14931 |
| | ) | |
| THE CITY OF CHICAGO, | ) | |
| THE CHICAGO POLICE DEPARTMENT, | ) | |
| EDDIE JOHNSON, Former Superintendent of | ) | |
| Police of the City of Chicago, and ANDREW | ) | |
| MARLAN, Freedom of Information Act Officer, | ) | Honorable |
| | ) | Raymond W. Mitchell |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Rochford and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Summary judgment properly granted when telephone numbers were lawfully redacted pursuant to a Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq*. (West 2018)) exemption for private information. Written consent to disclosure of an individual's "personal information" did not apply to "private information," which is a separately defined term under FOIA.

¶ 2        Darron Brewer appeals the circuit court's grant of summary judgment to the City of Chicago (City) in Brewer's action brought pursuant to the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2018)).[1]

¶ 3        Brewer is currently serving a 75-year prison sentence for his convictions for first degree murder and aggravated kidnapping. See *People v. Brewer*, 2016 IL App (1st) 133204-U. In November 2016, Brewer requested the Chicago Police Department (CPD) provide him with the arrest report, booking report, and property receipt related to the case that resulted in his conviction. In response, CPD provided Brewer with a copy of a homicide investigation file related to Brewer's case, with various material redacted. CPD's response included a letter explaining that the redacted material was exempt from disclosure under various FOIA provisions.

¶ 4        Nearly two years later, Brewer submitted another request seeking "all the statements and records attributed to Benita Wallace without redactions." Wallace was a witness who testified in Brewer's criminal trial. Along with his request, Brewer attached a notarized statement from Wallace in which she consented to the disclosure of her personal information to Brewer. CPD responded by letter stating that it determined Brewer had made a repeated request for records already provided in its response to his prior request. Repeated requests from the same person for the same records previously provided may be denied under FOIA as unduly burdensome. 5 ILCS 140/3(g) (West 2018). Brewer replied in kind stating he was narrowing his request to Wallace's unredacted phone records and reiterated that Wallace had given her consent. CPD responded that the records Brewer received were properly redacted and denied any additional disclosure.

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

¶ 5        Brewer filed a complaint in the circuit court naming the City, CPD, former Superintendent of Police Eddie Johnson, and FOIA Officer Andrew Marlan as defendants.[2] The complaint asserted that Wallace's written consent to disclosure entitled him to unredacted copies of the records he requested and that CPD willfully and intentionally violated FOIA by withholding them. The complaint asked the court to order CPD to produce the unredacted records and impose a civil penalty. The City filed an answer generally admitting to Brewer's requests and its responses. In addition, the City asserted as an affirmative defense that the information at issue is exempt from production under FOIA.

¶ 6        Later, the City moved for summary judgment, stating that CPD provided Brewer with all records responsive to his requests and all redactions were proper based on FOIA exemptions. Brewer filed a response opposing the City's motion. The circuit court granted the City's motion, finding that the redactions were permitted under FOIA and CPD otherwise complied with Brewer's records requests. Brewer filed a timely notice of appeal.

¶ 7        Summary judgment motions permit the trial court to determine whether any genuine issue of material fact exists in the action, and if not, to provide an expedient means of resolution. *Greenburg v. Orthosport, Inc.*, 282 Ill. App. 3d 830, 832 (1996). " 'Although summary judgment is to be encouraged as an expeditious manner of disposing of a lawsuit, it is a drastic measure and should be allowed only where the right of the moving party is clear and free from doubt.' " *Scollard v. Williams*, 2023 IL App (1st) 220464, ¶ 17 (quoting *Wells Fargo Bank, N.A. v. Norris*, 2017 IL App (3d) 150764, ¶ 19). We review the trial court's grant of summary judgment *de novo*. *Id.*

---

[2]CPD is a department of the City of Chicago. Johnson and Marlan were named solely in their capacities as employees of the City of Chicago. The defendants were appropriately treated as a single party, the City, in these proceedings.

¶ 8    FOIA provides that "[w]hen a request is made to inspect or copy a public record that contains information that is exempt from disclosure ***, but also contains information that is not exempt from disclosure, the public body may elect to redact the information that is exempt." 5 ILCS 140/7(1) (West 2018). "Private information" is among the information exempted from disclosure. *Id*. § 140/7(1)(b). FOIA defines "private information" to mean "unique identifiers, including a person's social security number, driver's license number, employee identification number, biometric identifiers, personal financial information, passwords or other access codes, medical records, home or personal telephone numbers, and personal email addresses." 5 ILCS 140/2(c-5) (West 2018). It is undisputed that the information redacted on the records at issue here is personal telephone numbers. Since personal telephone numbers are expressly included within FOIA's definition of "private information," they are exempt from disclosure and may be redacted.

¶ 9    Brewer argues that the telephone numbers must be disclosed because Wallace consented to disclosure of her personal information. Brewer relies on subsection (1)(c) of FOIA's exemption statute. See 5 ILCS 140/7(1)(c) (West 2018). That subsection exempts "[p]ersonal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy ***." *Id*. The provision further explains that " '[u]nwarranted invasion of personal privacy' " means the disclosure of information that is highly personal or objectionable to a reasonable person and in which the subject's right to privacy outweighs any legitimate public interest in obtaining the information." *Id*. Personal information may be disclosed, however, if "consented to in writing by the individual subjects of the information." *Id*.

¶ 10    We find that Wallace's consent to disclosure of her "personal information" does not include the personal telephone numbers redacted from her phone records. As we noted, personal telephone numbers are "private information," exempt from disclosure. Unlike "personal information," FOIA

does not provide for disclosure of "private information" if the individual subject gives written consent. "Personal information" and "private information" are not interchangeable terms under FOIA. " 'When the legislature includes particular language in one section of a statute but omits it in another section of the same statute, courts presume that the legislature acted intentionally and purposely in the inclusion or exclusion [citations], and that the legislature intended different meanings and results [citations].' " *People v. Clark*, 2019 IL 122891, ¶ 23 (quoting *Chicago Teachers Union, Local No. 1 v. Board of Education of the City of Chicago*, 2012 IL 112566, ¶ 24).

¶ 11     We further observe that even if we were to consider the telephone numbers at issue "personal information," Wallace's consent would have no effect for the other numbers shown on her records, which belong to other people.

¶ 12     For these reasons, we find no genuine issue of material fact exists and the City's right to judgment is clear and free from doubt. Accordingly, we affirm the judgment of the circuit court.

¶ 13     Affirmed.